JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | 2:20-cv-10314-SB-AFM | Date: | 5/12/2021 |
|---|---|---|---|

| Title: | *Brian Whitaker v. Fortuna Enterprises, L.P. et al* |
|---|---|

| Present: The Honorable | **STANLEY BLUMENFELD, JR., U.S. District Judge** |
|---|---|

| Victor Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:** [In Chambers] ORDER GRANTING MOTION TO DISMISS (DKT. NO. 21)

Plaintiff Brian Whitaker is a California resident with a physical disability who uses a wheelchair for mobility. Dkt. No. 13 (Compl.) ¶ 1. Defendant Fortuna Enterprises, L.P. allegedly owns and operates the Hilton LAX Hotel located at 5711 W. Century Blvd., Los Angeles, California. *Id.* ¶ 2. Plaintiff alleges that he visited the hotel's website and claims that it lacked sufficient information about the hotel's accessibility features. *Id.* ¶¶ 14-24. Plaintiff sued Defendant, alleging violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12182(B)(2)(A)(ii), and California Unruh Civil Rights Act, Cal. Civ. Code, § 51. *Id.* ¶¶ 41-48. Defendant now moves to dismiss the first amended complaint. Dkt. No. 21 (MTD); *see* Dkt. Nos. 23 (Opp.), 24 (Reply).

I.   **ANALYSIS**

Defendant moves to dismiss on the grounds that its website satisfies the ADA requirements as a matter of law. MTD 7-13. To survive a motion to dismiss,

"a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

A claim for discrimination under Title III of the ADA requires a plaintiff to show that "(1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability." *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). For purposes of the third element, a plaintiff is considered to have been denied public accommodations "when there is a violation of applicable accessibility standards." *Rodriguez v. Barrita, Inc.*, 10 F. Supp. 3d 1062, 1073 (N.D. Cal. 2014). And the ADA applies to websites when their inaccessibility "impedes access to the goods and services" of "places of public accommodation." *Robles v. Domino's Pizza, LLC*, 913 F.3d 898, 905 (9th Cir.) (2019).

Here, Plaintiff's complaint asserts that Defendant's website violates the so-called "reservations rule" found at 28 C.F.R. § 36.302(e). That provision requires places of lodging, such as Defendant's hotel, to:

> Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs.

28 C.F.R. § 36.302(e)(1)(ii).

Plaintiff argues that "the hotel provided some actual details about the room but simply not enough to permit plaintiff to have any confidence that that the room would work for him." Compl. ¶ 23. Plaintiff states the ADA requires "actual data" about the hotel's "core features": entrances, maneuvering space around the bed, the toilet, the sink, and the bath or shower. *Id.* ¶ 24. For example, Plaintiff contends, to describe the sink's accessibility, the website should have included a "simple statement" like "the lavatory sink provides knee clearance of at least 30 inches wide, 27 inches tall and 17 inches deep, all of the under-sink plumbing is wrapped, and the lowest reflective edge of the mirror is no more than 40 inches high." *Id.* ¶

29. Plaintiff provides other specific information he claims the website should have listed. *Id.* ¶¶ 28-32.

But the overwhelming weight of authority from courts in this circuit have persuasively concluded that ADA compliance does not require such extensive detail. *See, e.g.*, *Love v. KSSF Enters. Ltd*, No. 20-cv-08535-LB, 2021 U.S. Dist. LEXIS 51788, at *8 (N.D. Cal. Mar. 18, 2021) (rejecting argument that the ADA requires specific data "about doors, the maneuvering clearance at the bed, and . . . the bathroom (such as the toilet, the sink, and the shower and tub)"); *Garcia v. Chamber Maid L.P.*, No. CV 20-11699 PA (PDx), 2021 U.S. Dist. LEXIS 49411, at *10 (C.D. Cal. Mar. 15, 2021) (rejecting argument that defendant's reservation system violated Section 36.302(e) where Plaintiff similarly "suggest[ed] that more detailed descriptions of the room's features [were] needed," such as whether "the sink has enough clearance under it"); *Arroyo v. Aju Hotel Silicon Valley LLC*, No. 20-cv-08218-JSW, 2021 U.S. Dist. LEXIS 71198, at *8 (N.D. Cal. Mar. 16, 2021) (concluding "specific details about accessibility features do not need to be provided on a hotel website").

In reaching that conclusion, many of the decisions look to the U.S. Department of Justice's guidance about the reservations rule, which imposes a more modest requirement than what Plaintiff seeks here. Specifically, attached as an appendix to the regulation at issue is the following DOJ commentary regarding that rule:

> The Department recognizes that a reservations system is not intended to be an accessibility survey. However, specific information concerning accessibility features is essential to travelers with disabilities. Because of the wide variations in the level of accessibility that travelers will encounter, the Department cannot specify what information must be included in every instance. For hotels that were built in compliance with the 1991 Standards, it may be sufficient to specify that the hotel is accessible and, for each accessible room, to describe the general type of room (e.g., deluxe executive suite), the size and number of beds (e.g., two queen beds), the type of accessible bathing facility (e.g., roll-in shower), and communications features available in the room (e.g., alarms and visual notification devices). Based on that information, many individuals with disabilities will be comfortable making reservations.

> For older hotels with limited accessibility features, information about the hotel should include, at a minimum, information about accessible entrances to the hotel, the path of travel to guest check-in and other essential services, and the accessible route to the accessible room or rooms. In addition to the room information described above, these hotels should provide information about important features that do not comply with the 1991 Standards.

28 C.F.R. Pt. 36, App. A, "Title III Regulations 2010 Guidance and Section-by-Section Analysis."

As this guidance makes plain, the website need not provide hyper-specific information to avoid ADA liability. For example, hotels built to comply with the ADA's 1991 standards are only required to provide notice that the hotel is accessible and a general description of the room and certain features (e.g., the size and number of beds, the type of accessible bathing facility, and communications features). Defendant's website provides the information contemplated by the DOJ's guidance—and more.[1] The website states the hotel complies with the ADA and its guidelines. Dkt. No. 21-6.[2] It identifies which common areas of the hotel are accessible (the business center, registration desk, restaurant, exercise facility, swimming pool, and meeting rooms). *Id.* It indicates that the routes of travel to those areas and the accessible guestrooms are accessible. *Id.* It notes all accessible guestroom doorways are 32 inches wide. *Id.* It specifies the type of room, the size and number of beds, the type of accessible bathing facility, and the room's communications features. *Id.* Moreover, it notes service animals are welcome and

---

[1] Plaintiff articulates the central question of this case as "what level of information is or is not sufficient" for a website's compliance with the ADA and contends the DOJ's guidance does not provide the appropriate "rule or standard"; but assuming the DOJ guidance provides the applicable standard for compliance, there does not appear to be a dispute about whether the website's content comports with the guidance's requirements for both newer and older hotels. *See* Opp. 4-5.

[2] The Court **GRANTS** Defendant's request to take judicial notice of the relevant portions of the hotel website. *Threshold Enterprises Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) ("In general, websites and their contents may be judicially noticed."). The Court **DENIES** Defendant's request to take judicial notice of Plaintiff's litigation history and two DOJ consent decrees involving hotel website accessibility, as not necessary to the resolution of this motion. *See* Dkt. No. 21-2.

lists a variety of other accessible features, including accessible parking spaces, accessible transportation (with advance notice), assistive listening devices for meetings (upon request), braille elevator, level or ramp entrance into the building, and strobe and visual alarms. *Id.*

In his opposition, Plaintiff dismisses the DOJ's 2010 guidance as mere "musings" that do not establish a standard for liability. Yet other courts have rejected this exact argument, deferring substantially to this guidance in determining whether a website violates the ADA. *See e.g., Arroyo*, 2021 U.S. Dist. LEXIS 71198, at *6 ("Contrary to Plaintiff's characterization of the Guidance as 'some musings by the DOJ,' the Guidance is entitled to substantial deference."); *Love v. Marriott Hotel Servs., Inc.*, No. 20-CV-07137-TSH, 2021 WL 810252, at *7 (N.D. Cal. Mar. 3, 2021) (rejecting same argument that the 2010 guidance amounts to "musings" and concluding it is entitled to substantial deference), *appeal docketed*, No. 21-15458 (9th Cir. March 15, 2021). It is also reasonable to expect that those bound to follow the ADA would rely upon the DOJ's published analysis rather than cast it aside as academic reflection or casual rumination.

Plaintiff next argues that following the guidance would "override . . . the plain . . . regulatory language" of the reservations rule. Opp. 22. The "DOJ's interpretation of its ADA implementing regulations is entitled to controlling weight unless it is plainly erroneous or inconsistent with the regulation." *Fortyune v. City of Lomita*, 766 F.3d 1098, 1104 (9th Cir. 2014) (internal quotations omitted). The DOJ guidance here—that hotels must indicate whether they are accessible and generally describe the rooms and certain features, like the type of beds, accessible bathing facilities, and communication equipment—is neither plainly erroneous nor contradicts the regulatory language. Rather, the guidance appears to be a reasonable interpretation of the ADA regulation's mandate to "[i]dentify and describe accessible features in the hotels and guest rooms." 28 C.F.R. § 36.302(e)(1)(ii).

### III.   CONCLUSION

The DOJ has provided reasonable guidance about the reservation rule, and the great weight of authority has concluded that a website like the one challenged here lawfully complies with that guidance. Plaintiff offers no persuasive reason why this Court should reject this guidance and authority. Thus, the Court finds that Plaintiff fails to state a claim under the ADA. This finding extends to the remaining Unruh Act claim, which is dependent upon the existence of an ADA

violation (Compl. ¶¶ 45-48). *See Smith v. Pride Mobility Prod. Corp.*, No. 16-CV-04411-LHK, 2016 WL 6393549, at *4 (N.D. Cal. Oct. 28, 2016) ("Plaintiff has failed to state a claim under Title III of the ADA, and thus Plaintiff has failed to state a claim under the Unruh Act premised on an ADA violation."). Since the complaint could not be cured by the allegation of other facts, the Court finds leave to amend would be futile. The Court therefore **GRANTS** the motion to dismiss **WITH PREJUDICE**.